

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 21, 2020

<u>By ECF</u>
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

     Re:    <u>United States v. Parnas, et al.</u>, 19 Cr. 725 (JPO)

Dear Judge Oetken:

     The Government respectfully writes in advance of the next pretrial conference scheduled for February 3, 2020 to provide the Court with an update with respect to discovery.

     Since the parties last appeared before Your Honor, the Government has been working expeditiously to produce discovery to the defendants. Thus far, the Government has produced more than 100,000 pages—in excess of 1 terabyte—of discovery principally in two substantial productions made on November 18, 2019 and January 10, 2020, respectively. Those productions include, among other things, everything the Government believes could possibly give rise to substantive motion practice with respect to the current charges, including any search warrants or similar applications made by the Government during the investigation. The Government has also produced to all defendants thousands of pages of materials obtained pursuant to grand jury subpoenas or voluntary requests and full copies of their own email accounts, social media accounts, and device extractions (to the extent available) that were obtained by the Government pursuant to search warrants.

     With respect to those devices and/or accounts that were obtained pursuant to a search warrant, and consistent with the terms of the applications, the Government is in the process of reviewing those devices and accounts to identify material within the scope of the applicable warrant. To date, the Government has already produced more than 8,000 documents identified as responsive pursuant to email search warrants. The Government is continuing its review of devices and accounts obtained since the defendants' arrests and expects to make an additional, substantial production in advance of the next conference, of, among other things, additional documents identified as within the scope of those search warrants. The Government will also be producing to certain individual defendants the entire returns from additional email accounts and devices that have recently been accessed and extracted. The Government's filter team expects to complete its review of the devices and accounts currently in the Government's possession by mid-February, which should permit production of the same to the defendants by approximately mid-March.

January 21, 2020
Page 2

      As the Court is aware, the Government seized from the defendants a number of devices that are password-protected and for which the defendants have thus far declined to provide passwords. The Government is still working to gain access to many of those devices, and, as the Government is able to do so, it will extract their contents, review them for potential privilege and responsiveness, and produce them to the defendants on a rolling basis.[1]

---

[1] In a letter filed on January 20, 2020, counsel for defendant Parnas suggested that the Government has purposefully delayed the production of discovery to Parnas in order to frustrate his ability to comply with a subpoena or document request from the House Permanent Select Committee on Intelligence ("HPSCI"). Such a suggestion is baseless and completely belied by the facts. The two largest sources of delay with respect to the Government's ability to produce the contents of Parnas's devices to him—including an iPhone 11 that he produced (without objection from the Government) to HPSCI on January 12, 2020—are directly attributable to Parnas himself. First, Parnas declined to provide the password to his devices, which is of course his right, but which required the FBI to spend nearly two months unlocking the iPhone 11. The Government has yet to access many of the other password-protected devices seized from Parnas, although the FBI's efforts to unlock them are ongoing. Second, when the Government did unlock several of Parnas's devices in early December 2019, the Government asked Parnas's counsel on December 3, 2019 to provide a hard drive on which to produce discovery, as the Government does in every case and with every defendant. However, Parnas's counsel did not produce such a hard drive until December 19, 2019, shortly before the Christmas holiday, and more than two weeks after the Government had requested the drive. The Government produced the iPhone 11 to Parnas on December 31, 2019. However, Parnas's counsel was unable to figure out how to open the device extraction on his own computer, so the Government made available a paralegal and technical expert—during the holidays—to sit with Parnas's counsel to troubleshoot his technical issues. The Government has and will continue to work with defense counsel to facilitate each defendant's access to discovery and to make discovery available as expeditiously as possible.

January 21, 2020
Page 3

      In sum, the Government expects to have produced the vast majority of responsive materials within its possession to the defendants in advance of the next conference. Finally, the Government will be prepared to discuss setting a motion and trial schedule at the next conference.

                                            Respectfully submitted,

                                            GEOFFREY S. BERMAN
                                            United States Attorney for the
                                            Southern District of New York

                                  By: _____/s/_____
                                            Rebekah Donaleski
                                            Nicolas Roos
                                            Douglas Zolkind
                                            Assistant United States Attorneys
                                            (212) 637-2423/2421/2418

cc: Defense Counsel (by ECF)