LAW OFFICES OF
# GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION
1776 BROADWAY, SUITE 2000
NEW YORK, N.Y. 10019

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

SHERYL E. REICH
reich@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

January 22, 2020

VIA EMAIL

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

*United States v. Kukushkin, et al.* 19 CR. 725 (JPO)

Dear Judge Oetken:

    We are counsel for Andrey Kukushkin, a defendant in the above referenced matter. We write with respect to defendant, Lev Parnas' third request for modification of the Protective Order seeking permission to turnover materials produced by Apple, Inc. from his iCloud account to the United States House of Representatives' Permanent Select Committee on Intelligence ("HPSCI").

    Yesterday, the government informed us, for the first time, that its filter team identified materials in Mr. Parnas' iCloud account that may fall within a common-interest attorney-client privilege held jointly by Messrs. Kukushkin, Parnas, and others. The government did not indicate whether any items previously produced to HPSCI by Mr. Parnas also contained such privileged materials.[1] The privileged materials in Mr. Parnas' iCloud account were not specifically identified. Nor have they been produced to Mr. Kukushkin by the filter team.

    As a general matter, Mr. Kukushkin does not have any objection to the Protective Order being modified to allow Mr. Parnas to produce his materials to HPSCI. That said, Mr.

---

[1] Thus, to the extent these items did in fact contain materials that fall within Mr. Kukushkin's attorney-client privilege, Mr. Parnas' production thereof should not be deemed or considered by the government as a waiver by Mr. Kukushkin.

LAW OFFICES OF
GERALD B. LEFCOURT, P.C.

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
January 22, 2020
Page 2

Kukushkin does not intend to waive his attorney-client privilege. Accordingly, his objection to Mr. Parnas' application is limited to the production of those materials that fall within his attorney-client privilege. If all privileged materials can be removed from Mr. Parnas' iCloud account prior to production to HPSCI, or the iCloud account can be produced to HPSCI in some other manner that preserves Mr. Kukushkin's privileges, we have no objection to the application.

We thank the Court for its consideration.

Respectfully submitted,

Gerald B. Lefcourt

cc: All counsel (via email)