# Exhibit I

Government's response to Mr. Kukushkin's demand for a Bill of Particulars dated November 24, 2020



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 24, 2020

**BY EMAIL**

Gerald B. Lefcourt, Esq.
Faith Friedman, Esq.
1776 Broadway, Suite 2000
New York, NY 10019
Email: lefcourt@lefcourtlaw.com
Email: ffriedman@lefcourtlaw.com

    Re:    *United States v. Andrey Kukushkin*, No. S1 19 Cr. 725 (JPO)

Dear Counsel:

    We write in response to your request for a bill of particulars, dated November 19, 2020, in which you request that we identify contributions, donations, and express or implied promises to make contributions or donations alleged in the Superseding Indictment.

    A bill of particulars is unwarranted in this case because the Government has more than satisfied its obligations to provide the defense with sufficient information to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should [the defendant] be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The Superseding Indictment contains a concise and definite written statement of the essential facts constituting the offenses charged, and it identifies the contributions and donations that the Government expects to prove at trial: (i) between $1 million and $2 million in planned contributions listed on a table of donations and contributions (*see* S1 Indictment ¶ 22); (ii) contributions that had previously been charged on credit cards belonging to Igor Fruman and/or Lev Parnas (see *id.* ¶ 24); and (iii) two $10,000 donations to candidates in Nevada on or about November 1, 2018 (*see id.*). In addition to the Superseding Indictment, you are in possession of, among other things: (i) numerous search warrant affidavits that outline evidence revealed during the Government's investigation over time, including relevant emails and financial records; (ii) the contents of your client's cellphone and email and iCloud accounts; (iii) the seized materials from the other defendants' email and iCloud accounts, cellphones, and computers; (iv) bank records relating to the above-referenced contributions and donations; (v) publicly-available Federal Election Commission records as well as records produced by some of the candidates and campaigns; and (vi) copies of all of the emails, text messages, and documents referenced in the Superseding Indictment. With each of our discovery productions, we have provided an index, and as we have offered on multiple occasions, we are available to answer any questions you may have about discovery.

      The Superseding Indictment and the materials produced during discovery provide you with more than ample information concerning the allegations that the Government intends to prove at trial and the supporting evidence. *See, e.g.*, *United States v. Reinhold*, 994 F. Supp. 194, 201 (S.D.N.Y. 1998) (denying request for bill of particulars where the "indictment is detailed in its allegations" and the "defendants have had extensive discovery"); *United States v. Pacheco*, 902 F. Supp. 469, 475 (S.D.N.Y. 1995) (denying request for bill of particulars because "the charges are adequately set forth in the indictment, the criminal complaint, and in discovery"); *United States v. Conesa*, 899 F. Supp. 172, 176 (S.D.N.Y. 1995) (denying request for bill of particulars because "[t]he Indictment sufficiently advises defendants of the specific acts of which they are accused" and "the Government . . . has made available to defense counsel extensive discovery that supplements the information provided in the . . Indictment").

      Your request asks for additional evidentiary details and for us to further articulate the theory or theories of the Government's case. But it is settled law that "[a]cquisition of evidentiary details is not the function of the bill of particulars." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). Nor may a bill of particulars be used as a general investigative tool. "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case." *United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985); *see also, e.g.*, *United States v. Sindone*, No. 01 Cr. 517 (MBM), 2002 WL 48604, at *1 (S.D.N.Y. Jan. 14, 2002) (a defendant may not "use a bill of particulars to preview the government's evidence or trial strategy, or to require the government to specify the minutiae of how it will prove the charges." (citations omitted)); *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (A bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case."). Rather, a bill of particulars is required "only when the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d at 234. In light of the Superseding Indictment and the discovery disclosures, there is no colorable argument that the defendant is unaware of the acts of which he has been accused.

      Based on the foregoing, you are not entitled to the particulars sought through your requests as they amount to requests for the sort of precise evidentiary detail and information concerning the Government's theory of its case that are not the proper function of a bill of particulars, and in any event, much of what you seek is described in the Superseding Indictment and discovery. If you have authority for your requests, we would be happy to consider it.

      Notwithstanding the foregoing, while we are not required to do so, in an effort to aid in your review of the discovery, and to assist you in preparing for trial, the Government is voluntarily providing additional information regarding certain of your requests. By voluntarily providing this information, the Government is not limiting its evidence, arguments or legal theories at trial to what is set forth below. This is not an exhaustive identification of potential information or evidence related to these specific requests, but rather a roadmap to assist with your review of discovery in light of your specific requests. In addition, as we have stated previously, the investigation is ongoing.

November 24, 2020<br>Page 3

- Multiple copies and drafts of the "Political Donations Table" referenced in paragraph 22 of the Superseding Indictment were produced in discovery, including at USAO_00084470-USAO_00084472; USAO_00084474-USAO_00084476; USAO_00090126-USAO_00090128; USAO_00094241-USAO_00094244; and USAO_00094246-USAO_00094248.

- Records for the credit card accounts used to pay for contributions and donations referenced in paragraph 24 of the Superseding Indictment were produced in discovery at USAO_00107954-USAO_00108873.

- Records produced by the candidates referenced in paragraph 24 of the Superseding Indictment were produced in discovery at USAO_00102503-USAO_00103402 and USAO_00143857.

Please let us know if you have any questions or would like to discuss the foregoing.

Very truly yours,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____/s/_____
Nicolas Roos
Rebekah Donaleski
Douglas Zolkind
Assistant United States Attorneys
(212) 637-2421/2423/2418

Cc: Joseph Bondy, counsel for Lev Parnas
Todd Blanche, counsel for Igor Fruman