LAW OFFICES OF
GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION
1776 BROADWAY, SUITE 2000
NEW YORK, N.Y. 10019

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

SHERYL E. REICH
reich@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

August 11, 2021

VIA ECF

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

             *United States v. Kukushkin, et al.* 19 CR. 725 (JPO)

Dear Judge Oetken:

  We are counsel to Andrey Kukushkin in the above matter. We write to renew the defense's application for an adjournment of the joint trial date from October 4, 2021, to February 7, 2022. We have conferred with all defense counsel and there are no objections. This application is occasioned by recent Covid-19 developments, our understanding that the government will be producing additional Rule 16 discovery shortly, and it will result in no prejudice to the government.[1]

  After a period of waning restrictions and increased optimism of a return to normalcy, including court operations, the Delta and Delta Plus variants have raised new concerns and resulted in reinstitution of more stringent Covid-19 safety precautions. Over the past several weeks, Covid-19 cases in the United States have surged. States such as Florida, where some defendants reside, along with potential witnesses, have reached record numbers of infections as well as hospitalizations not seen at any other time during the pandemic. New reports are replete

---

[1] The government currently anticipates that a trial of all defendants would last no more than two weeks. A trial of Mr. Kukushkin alone would be significantly shorter, indeed, likely only a day or two.

with an increased number of breakthrough cases – infections by those who are fully vaccinated – as well as among children who are not yet qualified to receive vaccines.

As a result, the CDC and some state and local officials, along with experts, have called for increased Covid-19 protocols, including masking (preferably double masks or N95-type masks) of all individuals, including the fully vaccinated, while indoors as well as increased social distancing.  Indeed, since the Court's last conference with the parties, the Southern District of New York has reinstituted its mandatory mask protocols throughout the courthouse, including all parts of the courtroom.  Still any trial will require members of the defense team to have close and regular face-to-face interactions with their clients and interact with large numbers of unknown individuals, in particular dozens, if not hundreds, of potential jurors, at significant risk to themselves and their families.

The defendants reside in states with high infections rates and where risk of infection has been deemed very high or exceptional, and in some instances, where limited, if any, mandatory Covid-19 safety protocols (in particular, no mask mandates), exist.  In addition, the defendants will be traveling to New York by plane and will require hotel lodging in the lead up to and throughout the duration of the trial.  So too do we anticipate that some number of witnesses will be from areas with high or exceptional infection rates and required to travel by plane.  What is more, the defense (and the Court) cannot be assured that those they are interacting with will comport themselves in a manner that reduces risk of infection or illness.  These circumstances place the defense and their families at increased risk and creates a needlessly dangerous situation for all, but in particular for those of us that have immediate family members who are unable to be vaccinated and/or are immunocompromised and in delicate health, making them more susceptible to infection and serious illness.

Moreover, the current Southern District Covid-19 masking and related trial protocols, while welcome and necessary, are unduly prejudicial to the defendants.  Evaluating jurors wearing face masks raises constitutional concerns.  Masks inhibit counsel's ability to evaluate a potential juror's demeanor in response to voir dire inquiries.  In addition, the pandemic's disproportionate impact on certain racial, ethnic and age demographics, including Blacks, Hispanics and older Americans, particularly when combined with vaccine hesitancy, means that these groups may be underrepresented, distorting the composition of the jury and further undermining the defendants' right to a fair trial as contemplated by the Sixth Amendment.  As does the mask mandate itself, since there are certain individuals who will refuse to adhere to such mandates and likely will not appear for jury selection or be excused from service at this time.

Unfortunately, these circumstances as a whole make a trial at this point in time, for these defendants, for this defense team, for these witnesses, for the Court, and for everyone's families, unexpectedly and unnecessarily risky and unsafe.  So too does it have serious constitutional implications.

Finally, we have just come to learn that the government has not yet completed Rule 16 discovery.  Monday night the government, among other things, advised the defense that it required a new storage device capable of holding 64GB of data to make another production of unidentified discovery materials, the 11th so far.  We anticipate it being a week before these materials will be in the defense's possession, if not longer.  The defense will require additional

time to process, review and analyze these materials, which are in addition to the terabytes of data already received by the defense.

In light of the foregoing, and given the ongoing uncertainty surrounding any timeline for a renewed relaxation and removal of restrictions occasioned by the COVID-19 pandemic, and in particular, the Delta and Delta Plus variants, the defendants propose to adjourn the current schedule as follows:

- 3500 materials for testifying and non-testifying witnesses, along with government's witness list and exhibits to be produced on or before January 3, 2022.

- Motions in limine, requests to charge, and proposed voir dire to be filed on or before January 19, 2022, with opposition and responses due on or before January 28, 2022.

- Defense exhibits, witness list and Rule 26.2 materials due on or before January 28, 2022.

- Trial adjourned to February 7, 2022, or a date thereafter convenient to the Court.

The defendants consent to an exclusion of time under the Speedy Trial Act through the new trial date in the interests of justice pursuant to 18 U.S.C. § 3161(h)(7)(A) in order to allow the parties time to (i) continue producing and reviewing discovery; (ii) prepare and respond to additional pretrial motions; and (iii) prepare for trial.

In light of the foregoing, the defendants respectfully request that the Court modify the current schedule as outlined above. We thank the Court for its consideration.

Respectfully submitted,

/s/ Gerald B. Lefcourt
Gerald B. Lefcourt

cc: All counsel (via ecf)