UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

UNITED STATES OF AMERICA      :

     :

       - v. -          :           S3 19 Cr. 725 (JPO)

     :

LEV PARNAS and ANDREY KUKUSHKIN,      :

     :

        Defendant.         :

------------------------------------------------------------ X

## THE GOVERNMENT'S REQUESTS TO CHARGE

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Aline Flodr
Nicolas Roos
Hagan Scotten
Assistant United States Attorneys
      -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                      :

UNITED STATES OF AMERICA         :
                                        :

           - v. -                   :           S3 19 Cr. 725 (JPO)
                                        :

LEV PARNAS and ANDREY KUKUSHKIN,  :
                                        :

              Defendant.         :
------------------------------------------------------------X

## <u>REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## TABLE OF CONTENTS

REQUEST NO. 1:  General Requests ............................................................................. 1

REQUEST NO. 2:  Summary of the Indictment ........................................................... 2

REQUEST NO. 3:  Count One – Conspiracy – General Instruction ........................... 3

REQUEST NO. 4:  Count One – Conspiracy – Conspiracy Generally ....................... 4

REQUEST NO. 5:  Count One – Conspiracy – Elements ........................................... 5

REQUEST NO. 6:  Count One – Conspiracy – First Element – Existence of Conspiracy.......... 6

REQUEST NO. 7:  Count One – Conspiracy – First Element – Objects of the Conspiracy ...... 8

REQUEST NO. 8:  Count One – Conspiracy – First Element – Object – Foreign National ....... 9

REQUEST NO. 9:  Count One – Conspiracy – First Element – Object – Conduit ................. 11

REQUEST NO. 10: Count One – Conspiracy – First Element – Object – Defraud the FEC..... 13

REQUEST NO. 11: Count One – Conspiracy – Second Element – Membership ..................... 15

REQUEST NO. 12: Count One – Conspiracy – Third Element – Overt Act ........................... 18

REQUEST NO. 13: Count Two – Solicitation of a Foreign National ...................... 20

REQUEST NO. 14: Count Two – Solicitation of a Foreign National – Elements ................... 21

REQUEST NO. 15: Count Three – Making a Contribution by a Foreign National ................. 23

REQUEST NO. 16: Count Three – Making a Contribution by a Foreign National - Elements . 24

REQUEST NO. 17: Count Four – Conspiracy – General Instruction ....................... 26

REQUEST NO. 18: Count Four – Conspiracy – Elements........................................ 27

REQUEST NO. 19: Count Four – Conspiracy – First Element – Object – Conduit ................ 28

REQUEST NO. 20: Count Four – Conspiracy – First Element – Object – Defraud the FEC.... 30

REQUEST NO. 21: Count Four – Conspiracy – Second Element – Membership ................... 31

REQUEST NO. 22: Count Four – Conspiracy – Third Element – Overt Act ........................... 32

REQUEST NO. 23: Count Five – False Statements .................................................. 34

REQUEST NO. 24: Count Five – False Statements – Elements ............................... 35

REQUEST NO. 25: Count Six – Falsification of Records ........................................ 37

REQUEST NO. 26: Count Six – Falsification of Records – Elements...................... 38

REQUEST NO. 27: Venue .......................................................................................... 40

REQUEST NO. 28: Dates ........................................................................................... 42

REQUEST NO. 29: Conscious Avoidance ............................................................... 43

REQUEST NO. 30: Stipulations ................................................................................ 46

REQUEST NO. 31: Particular Investigative Techniques Not Required..................... 47

REQUEST NO. 32: Use of Evidence Obtained Pursuant to Searches........................ 48

REQUEST NO. 33: Uncalled Witnesses – Equally Available To Both Sides ............. 49

REQUEST NO. 34:   Other Individuals Not on Trial .................................................... 50

REQUEST NO. 35:   Translations ............................................................................. 51

REQUEST NO. 36:   Redactions ................................................................................ 52

REQUEST NO. 37:   Law Enforcement Witnesses ..................................................... 53

REQUEST NO. 38:   Immunized Witnesses ................................................................ 54

REQUEST NO. 39:   Preparation of Witnesses .......................................................... 55

REQUEST NO. 40:   Defendant's Testimony ............................................................. 56

REQUEST NO. 41:   Defendant's Right Not to Testify .............................................. 57

REQUEST NO. 42:   Use of Charts and Summaries .................................................... 58

REQUEST NO. 43:   Concluding Remarks ................................................................. 59

<u>REQUEST NO. 1:  General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Rulings on Evidence and Objections.

e.  Burden of Proof and Presumption of Innocence.

f.  Reasonable Doubt.

g.  Government Treated Like Any Other Party.

h.  Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

i.  Inferences.

j.  Credibility of Witnesses.

k.  Jury's Recollection Controls.

l.  Right to See Exhibits and Have Testimony Read During Deliberations.

m.  Sympathy: Oath of Jurors.

n.  Punishment is Not to Be Considered by the Jury.

o.  Verdict of Guilt or Innocence Must Be Unanimous.

REQUEST NO. 2:  Summary of the Indictment

The defendants, LEV PARNAS and ANDREY KUKUSHKIN, have been charged in what is called an Indictment. An Indictment is simply an accusation.  It is not evidence.  I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses. A copy of the Indictment will be given to you during your deliberations.

The Indictment contains six counts or "charges."  Count One of the Indictment charges that defendants LEV PARNAS and ANDREY KUKUSHKIN participated in a conspiracy to make political contributions paid for by a foreign national in the names of persons other than the true source of the funds, and to defraud the Federal Election Commission, or "FEC." Count Two charges that PARNAS solicited, and aided and abetted the solicitation of, a foreign national to make political contributions. Count Three charges that PARNAS and KUKUSHKIN aided and abetted the making of political contributions by a foreign national. Count Four charges that PARNAS participated in a conspiracy to make political contributions in the names of persons other than the true source of the funds, and to defraud the FEC. Count Five charges that PARNAS made false statements to the FEC in an affidavit. Count Six charges that PARNAS made false entries in an affidavit in order to obstruct a matter before the FEC.

2

REQUEST NO. 3:  Count One – Conspiracy – General Instruction

Count One charges the defendants with participating in a conspiracy to make political

contributions paid for by a foreign national, in the names of persons other than the true source of

the funds, and/or to defraud the FEC.  Count One reads in relevant part:

*(Conspiracy to Make Contributions by a Foreign National)*

The Grand Jury charges:

From in or about June 2018 through at least in or about April 2019, in the Southern
District of New York and elsewhere, LEV PARNAS and ANDREY
KUKUSHKIN, the defendants, and others known and unknown, knowingly
conspired with each other and with others known and unknown to:

a. Knowingly and willfully make contributions and donations of money, or express
or implied promises to make contributions or donations, directly and indirectly, by
a foreign national in connection with federal and State elections, aggregating to
$25,000 and more in a calendar year, in violation of Title 52, United States Code,
Sections 30121 and 30109(d)(1)(A).

b. Knowingly and willfully make contributions to candidates for State and federal
office, joint fundraising committees, and independent expenditure committees in
the names of other persons, aggregating to $25,000 and more in a calendar year, in
violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) &
(D).

c. Knowingly defraud the United States by impairing, obstructing, and defeating
the lawful functions of a department or agency of the United States; to wit, the
function of the Federal Election Commission ("FEC") to administer federal law
concerning source and amount restrictions in federal and State elections, including
the prohibitions applicable to foreign nationals and straw donors.

The relevant statute covering this charge is section 371 of Title 18 of the United States

Code.  That section states that it shall be unlawful for "two or more persons [to] conspire either

to commit any offense against the United States, or to defraud the United States, or any agency

thereof in any manner or for any purpose, and [for] one or more of such persons to do any act to

effect the object of the conspiracy."

3

REQUEST NO. 4:  Count One – Conspiracy – Conspiracy Generally

So, what is a conspiracy?  A conspiracy is a kind of criminal partnership. It is an agreement of two or more persons to join together to accomplish some unlawful purpose. The essence of the crime of conspiracy is an agreement or understanding to violate other laws. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the crime that is the objective of the conspiracy. Indeed, you may find the defendants guilty of the crime of conspiracy even if you find that they never actually committed the substantive crime that was the objective of the conspiracy. In other words, for Count One, you need not find that illegal political contributions were actually made to find that someone is guilty of a conspiracy to make political contributions that were illegal.

> Adapted from the charges of the Honorable J. Paul Oetken in United States v. Middendorf, No. 18 Cr. 036 (Feb. 11, 2019); see also United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

4

REQUEST NO. 5:  Count One – Conspiracy – Elements

In order to find the defendants guilty of the conspiracy charged in Count One, you must find that the Government has proven beyond a reasonable doubt each of the following three elements of the crime:

First, that two or more persons entered the unlawful agreement charged in Count One of the Indictment;

Second, that the defendant you are considering knowingly and willfully became a member of that alleged conspiracy; and

Third, that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Adapted from the charge of the Honorable J. Paul Oetken in United
States v. Block, No. 16 Cr. 595 (June 29, 2017).

5

REQUEST NO. 6:  Count One – Conspiracy – First Element – Existence of Conspiracy

Now let us consider the first element of the conspiracy charge. The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in Count One of the Indictment. That Count alleges that defendants LEV PARNAS and ANDREY KUKUSHKIN conspired with others to (i) make political contributions paid for by a foreign national, (ii) make political contributions in the name of a person other than the true donor, and (iii) defraud the FEC.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into a formal contract. Similarly, you need not find that the alleged conspirators stated in words or writing what the scheme was, its object or purpose or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. From its very nature, a conspiracy is almost always characterized by secrecy, which makes detection difficult. Conspirators do not usually reduce their agreements to writing. They do not typically publicly broadcast their plans. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more persons to cooperate with each other to accomplish an unlawful act. Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

You may, of course, find that the existence of an agreement to disobey or disregard the law, as charged in Count One of the Indictment, has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an unlawful agreement existed here, consider the actions and

statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

> Adapted from the charges of the Honorable J. Paul Oetken in United States v. Block, No. 16 Cr. 595 (June 29, 2017) and United States v. Pauling, No. 16 Cr. 563 (Feb. 13, 2017).  See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the Government can demonstrate that the defendants acted together with others to realize a common goal") (citations omitted).

REQUEST NO. 7: Count One – Conspiracy – First Element – Objects of the Conspiracy

The "objects" of a conspiracy are the illegal goal or goals the co-conspirators agree or hope to achieve. In Count One the Indictment provides that there were three objects or goals of the alleged conspiracy: One, to make political contributions by a foreign national. Two, to make political contributions in the name of a person other than the true source of the funds. Three, to defraud the FEC.

You should keep in mind that you need not find that the conspirators agreed to accomplish each one of these things. An agreement to accomplish any one of these objects is sufficient. Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, you must unanimously agree on which object, if any, was the specific object or objects of the alleged conspiracy.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Block, No. 16 Cr. 595 (June 29, 2017).

<u>REQUEST NO. 8:  Count One – Conspiracy – First Element – Object – Foreign National</u>

The first object of the conspiracy charged in Count One is the object of making a political contribution by a foreign national, in violation of section 30121 of Title 52 of the United States Code. That statute states that "[i]t shall be unlawful for . . . a foreign national, directly or indirectly, to make . . . a contribution or donation of money or other thing of value, or to make an express or implied promise to make a contribution or donation, in connection with a Federal, State, or local election."  In order to find that the defendants conspired to violate that law, you must find that the Government proved beyond a reasonable doubt that the defendants participated in a conspiracy to cause (1) a foreign national, (2) to make, directly or indirectly, one or more contributions or donations of money, or an express or implied promise to make one or more contributions or donations, in connection with a Federal, State, or local election, (3) with the aggregate amount of such contributions or donations being $25,000 or more in a calendar year, and (4) that they did so knowingly and willfully.

The term "foreign national" means an individual who is not a citizen of the United States and who is not lawfully admitted for permanent residence (that is, a green card holder).

The term "contribution" includes any deposit of money, gift, loan, or advance made by any person for the purpose of influencing any election for Federal office. The term "donation" is defined the same as "contribution," but does not require the payment to be made in connection with a federal election, and may be made instead in connection with a state or local election.

While the amount of the contributions or donations together must be equal to or exceed $25,000 in the calendar year you are considering – 2018 – you need not determine the precise amount of the contributions or donations involved.

9

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all other evidence, in deciding whether the defendant acted knowingly.  An act is done willfully if the defendant acted with knowledge that some part of his course of conduct was unlawful and with the intent to do something the law forbids, and again not by mistake or accident. In other words, a person acts "willfully" when he acts with a purpose to disobey or disregard the law.  It is not, however, necessary for the Government to prove that the defendant was aware of the specific provision of the law that he is charged with violating.  Rather, it is sufficient for the defendant to act knowing that his conduct is unlawful, even if he does not know precisely which law or regulation makes it so.

> Adapted from the charge of the Honorable Michael M. Anello in United States v. Matsura, No. 14 Cr. 388 (S.D. Cal. Sept. 9, 2016), aff'd by United States v. Singh, 979 F.3d 697, 713-14 (9th Cir. 2020). See also 52 U.S.C. § 30101(8)(A) (defining "contribution"); 11 C.F.R. §§ 110.20 and 300.2 (defining "donation"); 52 U.S.C. § 30121(b) (defining "foreign national").

> To establish a willful violation, the Government must prove that the defendant acted with knowledge that his conduct was unlawful, but need not establish that he knew the specific legal prohibition or law that his conduct violated. See Singh, 924 F.3d at 1045; United States v. Benton, 890 F.3d 697, 715 (8th Cir. 2018); United States v. Whittemore, 944 F. Supp. 2d 1003, 1006 (D. Nev. 2013), aff'd, 776 F.3d 1074 (9th Cir. 2015); United States v. Danielczyk, 788 F. Supp. 2d 472, 489-93 (E.D. Va. 2011), rev'd on other grounds, 683 F.3d 611 (4th Cir. 2012).

REQUEST NO. 9:  Count One – Conspiracy – First Element – Object – Conduit

The second object of the conspiracy charged in Count One is the object of making a political contribution in the name of another person, in violation of section 30122 of Title 52 of the United States Code. That statute states in the relevant part that "no person shall make a contribution in the name of another person." In order to find that the defendants conspired to violate that law, you must find that the Government proved beyond a reasonable doubt that the defendants participated in a conspiracy to (1) make one or more contributions, (2) in the name(s) of one or more persons other than the true source of the funds, (3) with the aggregate amount of such contributions being $25,000 or more in a calendar year, and (4) that they did so knowingly and willfully.

As I have already told you, the term "contribution" includes any deposit of money, gift, loan, or advance made by any person for the purpose of influencing any election for Federal office. "Federal office" means the office of President, Vice President, or of a member of the United States House of Representatives or the United States Senate.

The phrase "making a contribution in the name of another" means making a disguised contribution through an intermediary, or conduit, by giving that person the funds for the contribution.  This is sometimes referred to as a "straw donation."  It includes both payments to an intermediary of funds to make a contribution, and reimbursement of funds to an intermediary for making a contribution at the payor's request. It does not matter when the payment or reimbursement to the intermediary for the contribution occurs, as long as the payment or promise of reimbursement was a causal factor in the intermediary's decision to make the contribution attributed to him or her.  In other words, the promise of reimbursement must have been a causal factor to the intermediary's decision to make the contribution attributed to him. In consequence, it

11

is a defense that the intermediary made up his or her mind to make the contribution in question prior to the time that the true contributor made his reimbursement promise.

I have already instructed you on the requirement that the aggregate amount of the contributions was equal to or exceeded $25,000.  I have also instructed you on the meaning of "knowing" and "willfully" and you should refer to my prior instructions.

> Adapted from the charge of the Honorable Victor Marrero in United States v. Hsu, No. 07 Cr. 1066 (July 3, 2014), the charge of the Honorable Michael M. Anello in United States v. Matsura, No. 14 Cr. 388 (S.D. Cal. Sept. 9, 2016), aff'd by United States v. Singh, 979 F.3d 697, 713-14 (9th Cir. 2020), and the charge of the Honorable Larry R. Hicks in United States v. Whittemore, No. 12 Cr. 58 (D. Nev. May 28, 2013), aff'd by United States v. Whittemore, 776 F.3d 1074, 1080-81 (9th Cir. 2015); see also 52 U.S.C. § 30101(8)(A) (defining "contribution"); 11 C.F.R. §§ 110.20 and 300.2 (defining "donation"); 52 U.S.C. § 30121(b) (defining "foreign national").

> The statute includes reimbursed contributions. See United States v. O'Donnell, 608 F.3d 546 (9th Cir. 2010); United States v. Whittemore, 776 F.3d 1074, 1080 (9th Cir. 2015); United States v. Hsu, 643 F. Supp. 2d 574, 576 (S.D.N.Y. 2009); United States v. Danielczyk, 788 F. Supp. 2d 472, 480-81 (E.D. Va. 2011), rev'd on other grounds, 683 F.3d 611 (4th Cir. 2012).

<u>REQUEST NO. 10:</u>  <u>Count One – Conspiracy – First Element – Object – Defraud the FEC</u>

The third object of the conspiracy charged in Count One is the object of defrauding the United States, and specifically the Federal Election Commission or FEC.

A conspiracy to defraud the United States means that the defendants and their alleged co-conspirators are accused of conspiring to impede, impair, obstruct, or defeat by fraudulent or dishonest means the lawful regulatory and enforcement functions of an agency of the United States. I instruct you that the FEC is an agency of the United States government.

A conspiracy to defraud the United States need not necessarily involve cheating the Government out of money or property. The statute also includes conspiracies to interfere with or obstruct any lawful Government function by fraud, deceit, or any dishonest means. Dishonestly obstructing the lawful function of a government agency must be a purpose of the conspiracy, not merely a foreseeable consequence of it. However, defrauding the FEC need not be the defendant's sole or even primary purpose so long as it is a purpose of the scheme. The intent to defraud the FEC may be incidental to another primary motivation or purpose. All that is required is that an object of the conspiracy was to interfere with or obstruct one of the FEC's lawful government functions by deceit, craft, or trickery or by means that are dishonest.

The statute also does not require proof that the defendants intended to directly commit the fraud themselves. Proof that the defendant intended to use a third party as a go-between may be sufficient. But the Government must prove that the United States or one of its agencies or departments was the ultimate target of the conspiracy that the defendants intended to defraud.

Not all conduct that impedes the lawful functions of a government agency is illegal. To be unlawful, such conduct must entail fraud, deceit, or other dishonest means. A conspiracy to impede the functions of a government agency by fraudulent or dishonest means may include such things

13

as altering documents after they have been demanded by the government agency, creating false documents, destroying records, making false statements, attempting to induce others to make false statements, or engaging in any other fraudulent or deceptive conduct that would have the effect of impairing the ability of the government agency to determine material aspects of a transaction. By citing these examples, I certainly do not mean to suggest that these are the only actions that could impede the FEC by fraudulent or dishonest means, nor do I express any view as to whether conduct similar to these examples took place here.

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Middendorf</u>, 18 Cr. 036 (Feb. 11, 2019).

14

REQUEST NO. 11: Count One – Conspiracy – Second Element – Membership

If you find that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must consider the second element of the crime. The second element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendants knowingly, willfully and voluntarily became members of the alleged conspiracy. I have already instructed you on the definitions of knowingly and willfully, and you should apply those definitions here.

In deciding whether the defendant was in fact a member of the conspiracy, you must consider whether the defendant knowingly and willfully joined the conspiracy intending to advance or achieve its goals. Did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective?  Direct proof of state of mind is not always available.  Indeed, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind. Such direct proof is not required. Rather, you may look to the evidence of certain acts alleged to have taken place by or with the defendant, or in his presence.

Of course, mere association with a conspirator or mere presence at a place where a conspiracy is going on does not make someone a member of the conspiracy. Nor is knowledge without participation sufficient. What is necessary is that the defendant participated with knowledge of the unlawful objectives of the conspiracy and with intent to aid in the accomplishment of one of those objectives.

If you find that the conspiracy existed and that the defendant participated knowingly and intentionally in it, the extent and duration of the defendant's participation has no bearing on

15

whether or not he is guilty. A defendant need not have joined the conspiracy at the outset. If a defendant joined the conspiracy at any time in its progress, he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Moreover, each member of the conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles in the scheme. The fact that a defendant's participation in a conspiracy was more limited than that of a co-conspirator should not affect your verdict. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every member of the conspiracy. In fact, a defendant may know only one member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have a financial stake in the outcome, so long as he in fact participated in the conspiracy in the manner I have explained.

Ultimately, the question is this: Has the Government proven beyond a reasonable doubt that the defendant joined the conspiracy charged and knowingly and intentionally participated in it with the awareness of its unlawful purpose and as something he wished to bring about?

> Adapted from the charges of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Block</u>, No. 16 Cr. 595 (June 29, 2017) and <u>United States</u> v. <u>Pauling</u>, No. 16 Cr. 563 (Feb. 13, 2017).

> See <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through

circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); and United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same).

REQUEST NO. 12:  Count One – Conspiracy – Third Element – Overt Act

Turning to the third element of the conspiracy charge, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly and willfully performed at least one overt act in furtherance of the objectives of the conspiracy and that this overt act was performed during the existence or life of the conspiracy and was done somehow to further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward action performed by one of the members of the conspiracy that further the objectives of the conspiracy. An overt act may itself be a lawful act; however, the act must be a step in achieving the conspiratorial objectives. The Indictment alleges that the following acts were committed in the Southern District of New York and elsewhere.

- On or about September 18, 2018, a foreign national Russian citizen and businessman who, at all relevant times, was not a citizen or lawful permanent resident of the United States, [Andrey Muraviev],[1] wired $500,000 from a foreign bank account, through the Southern District of New York, to a bank account under the control of Igor Fruman, who was a co-conspirator of PARNAS and KUKUSHKIN, among others, for purposes of making political contributions and donations.

- On or about October 16, 2018, [Andrey Muraviev] wired $500,000 from a foreign bank account, through the Southern District of New York, to a bank account under the control of Igor Fruman, for purposes of making political contributions and donations.

- On or about November 1, 2018, PARNAS and Fruman used funds wired by [Andrey Muraviev] to make maximum donations to two political candidates for State office in Nevada.

---

[1] The Government has previously redacted Muraviev's name in public filings and the Indictment, but no longer does so here given that a trial at which Muraviev's name will frequently be invoked is now imminent.

In order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment be proven. Although you must find unanimously that some overt act in furtherance of the conspiracy has been proved, you do not have to be unanimous as to which act. Similarly, you need not find that the defendants committed the overt act. It is sufficient for the Government to show that one of the alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes in the eyes of the law, the act of all the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

You should bear in mind that the overt act standing alone may be an innocent lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting a conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Block, No. 16 Cr. 595 (June 29, 2017). See also United States v. Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) ("The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy.").

19

<u>REQUEST NO. 13:  Count Two – Solicitation of a Foreign National</u>

Count Two charges defendant Lev Parnas with solicitation of one or more political contributions or donations by a foreign national.  Count Two reads in relevant part:

*(Solicitation of a Contribution by a Foreign National)*

The Grand Jury charges:

From in or about June 2018 through at least in or about April 2019, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, knowingly and willfully solicited, and aided and abetted the solicitation of, a foreign national, directly and indirectly, to make contributions and donations of money, and made express and implied promises to make contributions and donations, in connection with federal and State elections, aggregating $25,000 and more in a calendar year.

The relevant statute covering this charge is section 30121(b) of Title 52 of the United States Code.  That section states that it shall be unlawful for "a person to solicit . . . a contribution or donation . . . from a foreign national."

20

REQUEST NO. 14:  Count Two – Solicitation of a Foreign National – Elements

In order to find defendant LEV PARNAS guilty of solicitation of one or more political contributions or donations by a foreign national charged in Count Two, you must find that the Government has proven beyond a reasonable doubt each of the following elements of the crime:

First, that the defendant solicited one or more contributions or donations of money;

Second, from a foreign national;

Third, the aggregate amount of such contributions or donations was $25,000 or more in a calendar year; and

Fourth, the defendant did so knowingly and willfully.

As I have already told you, "contributions" and "donations" include, together, any deposit of money, gift, loan, or advance made by any person for the purpose of influencing any election for Federal, state, or local office.

To "solicit" or "solicitation" means to ask, request, or recommend, explicitly or implicitly, that another person make a contribution, donation, transfer of funds, or otherwise provide anything of value. A solicitation is an oral or written communication that, construed as reasonably understood in the context in which it is made, contains a clear message asking, requesting, or recommending that another person make a contribution, donation, transfer of funds, or otherwise provide anything of value. A solicitation may be made directly or indirectly. The mere solicitation or requesting of a contribution is just as much a violation of the statute as the actual making or receipt of a contribution. It is not necessary for the solicitation to actually succeed, or that a contribution was actually made.

As I mentioned already, the term "foreign national" means an individual who is not a citizen of the United States and who is not lawfully admitted for permanent residence.

21

To find that the Government has proven the third element, you must find that the total amount of contributions and donations solicited from the foreign national in the calendar year 2018 were equal to or exceeded $25,000.

Finally, I have already instructed you on the meaning of "knowing" and "willfully" and you should apply those instructions here.

> Adapted from the charge of the Honorable Michael M. Anello in United States v. Matsura, No. 14 Cr. 388 (S.D. Cal. Sept. 9, 2016), aff'd by United States v. Singh, 979 F.3d 697, 713-14 (9th Cir. 2020). See also 52 U.S.C. § 30101(8)(A) (defining "contribution"); 11 C.F.R. §§ 110.20 and 300.2 (defining "donation"); 52 U.S.C. § 30121(b) (defining "foreign national"); 11 C.F.R. § 300.2 (defining "to solicit") and 110.20 (incorporating the definition of "to solicit" from § 300.2 into the regulation relating to 52 U.S.C. § 30121).

> For a solicitation offense, the crime does not require the actual receipt or making of a payment. Cf. Jury Instructions, United States v. Kaufman, 19 Cr. 504 (Mar. 16, 2021) ("The mere solicitation of [] a bribe or reward is just as much a violation of the statute as the actual receipt of one.").

<u>REQUEST NO. 15:  Count Three – Making a Contribution by a Foreign National</u>

Count Three charges defendants Lev Parnas and Andrey Kukushkin with aiding and

abetting the making of one or more political contributions or donations by a foreign national.

Count Three reads in relevant part:

*(Making a Contribution by a Foreign National)*

The Grand Jury charges:

From in or about June 2018 through at least in or about April 2019, in the Southern
District of New York and elsewhere, LEV PARNAS and ANDREY
KUKUSHKIN, the defendants, knowingly and willfully aided and abetted the
making of contributions and donations of money, and the making of express and
implied promises to make contributions and donations, directly and indirectly, by a
foreign national in connection with Federal and State elections, aggregating
$25,000 and more in a calendar year.

The relevant statutes covering this charge are section 30121(a) of Title 52 of the United

States Code, and section 2 of Title 18 of the United States Code.  Section 30121(a) states that it

"shall be unlawful for . . . a foreign national, directly or indirectly, to make . . . a contribution or

donation of money or other thing of value, or to make an express or implied promise to make a

contribution or donation, in connection with a Federal, State, or local election." Section 2 of Title

18 makes it a crime to "aid[], abet[], counsel[], command[], induce[] or procure" such a crime.

23

REQUEST NO. 16:  Count Three – Making a Contribution by a Foreign National - Elements

In order to find defendant LEV PARNAS and ANDREY KUKUSHKIN guilty of aiding and abetting the making of one or more contributions or donations by a foreign national, as charged in Count Three, you must find that the Government has proven beyond a reasonable doubt each of the following elements of the crime:

First, that a foreign national, directly or indirectly, made one or more contributions or donations;

Second, the aggregate amount of such contributions or donations was $25,000 or more in a calendar year;

Third, that the defendant aided, abetted, counseled, commanded, or induced the foreign national in making or to make one or more contributions or donations;

Fourth, the defendant did so knowingly and willfully, and with the intent to facilitate the crime of making contributions or donations by a foreign national, or to help it succeed.

I have previously defined and explained the "foreign national," "contributions," "donations," and the $25,000 aggregate amount requirement, and I instruct you to refer back to my prior instructions.

When you consider whether a defendant aided, abetted, counseled, commanded, or induced the crime alleged in Count Three, it is not necessary for the Government to show that the defendant himself actually committed the crime with which he is charged in order for you to find the defendant guilty. Rather, a defendant must have willfully and knowingly associated himself in some way with the crime, and willfully and knowingly sought by some act to help make the crime succeed.

24

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider or abettor must have some interest in the criminal venture.

In determining whether the defendant aided or abetted the making of a contribution by a foreign national charged in Count Three, ask yourself these questions: Did he participate in the crime charged as something he wished to bring about?  Did he knowingly and willfully associate himself with the criminal venture?  Did he seek by his actions to make the criminal venture succeed?  If the defendant did these things, then he aided and abetted the making of a contribution or donation by a foreign national as charged in Count Three, and is guilty of that offense. If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Matos, No. 18 Cr. 327 (June 25, 2019), the charge of the Honorable Michael M. Anello in United States v. Matsura, No. 14 Cr. 388 (S.D. Cal. Sept. 9, 2016), aff'd by United States v. Singh, 979 F.3d 697, 713-14 (9th Cir. 2020). See also United States v. Labat, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); United States v. Clemente, 640 F.2d 1069 (2d Cir.) (same).

<u>REQUEST NO. 17:</u>   <u>Count Four – Conspiracy – General Instruction</u>

Count Four charges defendant Lev Parnas with participating in a conspiracy with other individuals to make political contributions in the names of persons other than the true source of the funds, and/or to defraud the FEC.  Count Four reads in relevant part:

*(Conspiracy to Make Contributions in the Name of Another)*

The Grand Jury charges:

From in or about March 2018 through at least in or about November 2018, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, knowingly conspired with others known and unknown to:

Knowingly and willfully make contributions to candidates for federal office, joint fundraising committees, and independent expenditure committees in the names of other persons, aggregating to $25,000 and more in a calendar year, in violation of Title 52, United States Code, Sections 30122 and 30109(d)(1)(A) & (D).

Knowingly defraud the United States by impairing, obstructing, and defeating the lawful functions of a department or agency of the United States; to wit, the FEC's function to administer federal law concerning source and amount restrictions in federal elections, including the prohibitions applicable to straw donors.

The relevant statute covering this charge is section 371 of Title 18 of the United States Code.  As I told you previously, that section states that it shall be unlawful for "two or more persons [to] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and [for] one or more of such persons to do any act to effect the object of the conspiracy."

26

<u>REQUEST NO. 18:</u>  Count Four – Conspiracy – Elements

I have already instructed you on the elements of conspiracy in connection with Count One, and you may refer to those instructions about conspiracies. To summarize, in order to find defendant LEV PARNAS guilty of the conspiracy charged in Count Four, you must find that the Government has proven beyond a reasonable doubt each of the following three elements of the crime:

<u>First</u>, that two or more persons entered the unlawful agreement charged in Count Four of the Indictment;

<u>Second</u>, that the defendant knowingly and willfully became a member of that alleged conspiracy; and

<u>Third</u>, that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

As I told you previously, the "object" of a conspiracy is its illegal goal, and in Count Four there are two objects or goals alleged: One, to make political contributions in the name of a person other than the true source of the funds. Two, to defraud the FEC.

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Block</u>, No. 16 Cr. 595 (June 29, 2017).

27

<u>REQUEST NO. 19:  Count Four – Conspiracy – First Element – Object – Conduit</u>

The first object of the conspiracy charged in Count Four is the object of making a political contribution in the name of another person. As I previously told you in connection with Count One, in order to find that the defendants conspired to violate that law, you must find that the Government proved beyond a reasonable doubt that the defendants participated in a conspiracy to (1) make one or more contributions, (2) in the name(s) of one or more persons other than the true source of the funds, (3) with the aggregate amount of such contributions being $25,000 or more in a calendar year, and (4) that they did so knowingly and willfully.

I have previously instructed you about the meaning of "contribution" and I direct you to refer to those instructions here.

As I previously explained, the phrase "making a contribution in the name of another" means making a disguised contribution through an intermediary, or conduit, by giving that person the funds for the contribution. You should refer to my full instructions about this phrase here.

In Count Four, the Indictment alleges that three contributions were illegal conduit, or "straw," contributions. One of those contributions is alleged to have been made in the name of an LLC – Global Energy Producers. For the two contributions alleged to have been made in PARNAS'S name, you should apply the instructions I previously gave you in connection with Count One. I will now say a few words about the application of the conduit contribution prohibition to LLCs. That statute states in the relevant part that "no *person* shall make a contribution in the name of another person." "Person" means not only an "individual" but also a "partnership, corporation, or other organization," and therefore the law applies to closely held corporations and corporate LLCs. A contribution made in the name of a closely held corporation or corporate LLC but paid for by another person is an illegal conduit contribution where funds were intentionally

28

funneled through the entity for the purpose of obscuring the source of the funds or evading the legal requirement that contributions be reported accurately to the FEC. You may consider circumstances such as whether the corporate entity did not have income from assets, investment earnings, business revenues, or bona fide capital investments, or was created and operated for the sole purpose of making political contributions. Based on such circumstantial evidence, you may conclude that the corporate entity is merely a conduit and not the true source of the funds.

> Adapted from the charge of the Honorable Victor Marrero in United States v. Hsu, No. 07 Cr. 1066 (July 3, 2014) (conduit contribution elements), the charge of the Honorable Michael M. Anello in United States v. Matsura, No. 14 Cr. 388 (S.D. Cal. Sept. 9, 2016) (conduit contribution elements), aff'd by United States v. Singh, 979 F.3d 697, 713-14 (9th Cir. 2020), and the charge of the Honorable Larry R. Hicks in United States v. Whittemore, No. 12 Cr. 58 (D. Nev. May 28, 2013) (conduit contribution elements), aff'd by United States v. Whittemore, 776 F.3d 1074, 1080-81 (9th Cir. 2015).

> See also 52 U.S.C. § 30101(11) (defining "person"); Campaign Legal Ctr. & Democracy 21 v. Fed. Election Comm'n, 952 F.3d 352, 355 (D.C. Cir. 2020) ("§ 30122 applies to closely held corporations and corporate LLCs" and "[w]hen evaluating future straw donor allegations in similar factual contexts, the controlling commissioners planned to focus on 'whether funds were intentionally funneled through a closely held corporation or corporate LLC for the purpose of making a contribution that evades the Act's reporting requirements.'"); MUR 6485 (W Spann LLC), Statement of Reasons of Chairman Matthew S. Petersen et al. (Apr. 1, 2016), https://eqs.fec.gov/eqsdocsMUR/16044391107.pdf (the FEC will look at "evidence indicating that the corporate entity did not have income from assets, investment earnings, business revenues, or bona fide capital investments" and "was created and operated for the sole purpose of making political contributions").

REQUEST NO. 20:  Count Four – Conspiracy – First Element – Object – Defraud the FEC

The second object of the conspiracy charged in Count Four is the object of defrauding the United States, and specifically the FEC, in violation of section 371 of Title 18 of the United States Code. As I instructed you previously in connection with Count One, a conspiracy to defraud the United States means that the defendant and his alleged co-conspirators are accused of conspiring to impede, impair, obstruct, or defeat by fraudulent or dishonest means the lawful regulatory and enforcement functions of an agency of the United States. You should consult my prior instructions relating to a conspiracy to defraud the United States. Those instructions apply equally as to Count Four.

Adapted from the charge of the Honorable J. Paul Oetken in United States v. Middendorf, 18 Cr. 036 (Feb. 11, 2019).

REQUEST NO. 21: Count Four – Conspiracy – Second Element – Membership

If you find that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Four of the Indictment existed, then you must consider the second element of the crime. The second element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendants knowingly, willfully, and voluntarily became members of the alleged conspiracy. I have already instructed you on the meaning of knowingly, willfully, and voluntarily becoming a member of a conspiracy as part of my instructions for Count One.  You should apply those instructions here.

> Adapted from the charges of the Honorable J. Paul Oetken in United States v. Block, No. 16 Cr. 595 (June 29, 2017) and United States v. Pauling, No. 16 Cr. 563 (Feb. 13, 2017).

<u>REQUEST NO. 22:</u>  Count Four – Conspiracy – Third Element – Overt Act

Turning to the third element of the conspiracy charge, the Government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly and willfully performed at least one overt act in furtherance of the objectives of the conspiracy and that this overt act was performed during the existence or life of the conspiracy and was done somehow to further the goals of the conspiracy or agreement.

As I've instructed you, the term "overt act" means some type of outward objective action performed by one of the members of the conspiracy that further the objectives of the conspiracy. The Indictment alleges that the following overt acts – each of which is one of the contributions alleged to have been made illegally – were committed in the Southern District of New York and elsewhere.

- In or about May 2018, Igor Fruman, and others known and unknown, obtained a private loan, the proceeds of which were used to fund a $325,000 contribution made by PARNAS to a joint fundraising committee [America First Action PAC].[2] PARNAS caused the contribution to Committee-1 to be falsely reported in the name of "Global Energy Producers."

- In or about June 2018, PARNAS made an $11,000 contribution to a joint fundraising committee [Protect the House] using funds that belonged to Fruman and another individual.

- In or about June 2018, PARNAS used a business credit card registered to a credit card account belonging to Fruman and another individual in order to make a maximum $2,700 contribution to the re-election campaign of a then-sitting U.S. Congressman [Pete Sessions].

As I told you previously, in order for the Government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment or even any of the overt acts contained

_____

[2] The Government has previously redacted the names of America First Action PAC, Protect the House, and Congressman Pete Sessions in public filings and the Indictment, but no longer does so here given that a trial at which those names will frequently be invoked is now imminent.

32

in the Indictment be proven. However, you must unanimously agree that some overt act was committed, although you do not have to agree on which act.

> Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Block</u>, No. 16 Cr. 595 (June 29, 2017).

REQUEST NO. 23: Count Five – False Statements

Count Five charges defendant LEV PARNAS with making false statements to the FEC in

an affidavit.  Count Five reads in relevant part:

*(False Statements to the Federal Election Commission)*

The Grand Jury charges:

In or about October 2018, in the Southern District of New York and elsewhere, LEV PARNAS, the defendant, willfully and knowingly did make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, PARNAS made materially false statements in an affidavit submitted to the FEC that "a $325,000 contribution to [Committee-1] . . . was made with [Global Energy Producers] funds for [Global Energy Producers] purposes," and that "[Global Energy Producers] is a real business enterprise funded with substantial bona fide capital investment; its major purpose is energy trading, not political activity"; and that a contribution made by PARNAS on or about June 25, 2018 to Congressman-1's campaign for reelection "was made with a business credit card . . . which [PARNAS] reimbursed."

The relevant statute covering this charge is section 1001(a)(2) of Title 18 of the United

States Code.  That section states that "whoever, in any matter within the jurisdiction of the

executive, legislative, or judicial branch of the Government of the United States, knowingly and

willfully . . . makes any materially false, fictitious or fraudulent statement or representation" shall

be guilty of a crime.

34

REQUEST NO. 24:  Count Five – False Statements – Elements

In order to find defendant LEV PARNAS guilty of making false statements to the FEC as charged in Count Five, you must find that the Government has proven beyond a reasonable doubt each of the following elements of the crime:

First, that the defendant made a statement that was false, fictitious, or fraudulent;

Second, that the statement was material;

Third, that the defendant acted knowingly and willfully; and

Fourth, that the statement pertained to a matter within the jurisdiction of the executive, legislative, or judicial branch of the United States government.

Now I will give you more detailed instructions on some of these terms.

As to the first element, the Government need not prove that the defendant physically made or otherwise personally prepared the statement in question. It is sufficient if the defendant caused the statement charged in the Indictment to have been made. A statement is "false" or "fictitious" if it was untrue when it was made, and the defendant knew it was untrue at that time. A statement is "fraudulent" if it was untrue when it was made, the defendant knew it was untrue at that time, and the defendant intended to deceive.

The Indictment alleges that Parnas made two false statements in his FEC affidavit: first, that the $325,000 contribution to the America First Action PAC was made with Global Energy Producers funds and that the company was a real business with substantial bona fide capital investment; and second, that the contribution made by PARNAS to Congressman Pete Sessions was made with a business credit card, which was reimbursed by PARNAS. It is not necessary for the Government to prove that both statements constituted a material false statement. The Government satisfies its burden if it proves beyond a reasonable doubt that one of the factual

35

statements specified in Count Five was such a statement. However, you may not find the defendant guilty on Count Five unless you all agree unanimously as to which of the specified statements constituted a material false statement, or that they both did.

As to the second element, a "material" statement or representation is one that has the natural tendency to influence or is capable of influencing a decision or function of a government agency, including the FEC. However, proof that the FEC actually relied on the statement is not required.

An act is done "knowingly and willfully" if it is done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A matter is "within the jurisdiction of the executive branch of the United States government" if, for example, the FEC has the power to exercise authority in that matter.

Adapted from the charge of the Honorable Richard J. Sullivan in United States v. Pan, No. 12 Cr. 153 (May 1, 2013).

REQUEST NO. 25: Count Six – Falsification of Records

Count Six charges defendant LEV PARNAS with falsification of records.  Count Six reads

in relevant part:

*(Falsification of Records)*

The Grand Jury charges:

In or about October 2018, in the Southern District of New York and elsewhere,
LEV PARNAS, the defendant, willfully and knowingly did falsify and make a false
entry in a record and document with the intent to impede, obstruct, or influence the
investigation or proper administration of a matter within the jurisdiction of any
department or agency of the United States, and in relation to and in contemplation
of any such matter, to wit, PARNAS made materially false statements in an
affidavit submitted to the FEC, including that "a $325,000 contribution to
[Committee-2] . . . was made with [Global Energy Producers] funds for [Global
Energy Producers] purposes," and that "[Global Energy Producers] is a real
business enterprise funded with substantial bona fide capital investment; its major
purpose is energy trading, not political activity"; and that a contribution made by
PARNAS on or about June 25, 2018 to Congressman-1's campaign for reelection
"was made with a business credit card . . . which [PARNAS] reimbursed," with the
intent to impede, obstruct, or influence the investigation and proper administration
of a matter within the jurisdiction of the FEC.

The relevant statute covering this charge is section 1519 of Title 18 of the United States

Code.  That section states that "[w]hoever knowingly alters, destroys, mutilates, conceals, covers

up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to

impede, obstruct, or influence the investigation or proper administration of any matter within the

jurisdiction of any department or agency of the United States . . . or in relation to or contemplation

of any such matter or case" shall be guilty of a crime.

REQUEST NO. 26:  Count Six – Falsification of Records – Elements

In order to find defendant LEV PARNAS guilty of falsification of records as charged in Count Six, you must find that the Government has proven beyond a reasonable doubt each of the following elements of the crime:

First, that the defendant falsified or made a false entry in a record or document;

Second, that the defendant acted knowingly; and

Third, that the defendant acted with the intent to impede, obstruct, or influence a matter within the jurisdiction of, or in relation to, or in contemplation of a department or agency of the United States.

Now I will give you more detailed instructions on some of these terms.

The first element that the Government must prove is that the defendant falsified a record – here, an affidavit submitted to the FEC. Falsifying a record means knowingly including within the record any untrue statement of fact or knowingly omitting from the record any fact that is necessary to make the facts that are included not misleading. Falsify therefore does not only mean tampering with a preexisting record, but can also include the creation of a new record.

The Indictment alleges that PARNAS made two false entries in his FEC affidavit: first, that the $325,000 contribution to America First Action PAC was made with Global Energy Producers funds and that the company was a real business with substantial bona fide capital investment; and second, that the contribution made by PARNAS to Congressman Pete Sessions was made with a business credit card, which was reimbursed by PARNAS. It is not necessary for the Government to prove that both statements in the affidavit constituted false entries. The Government satisfies its burden if it proves beyond a reasonable doubt that one of the alleged false

entries specified in Count Six was a false entry. However, you must agree unanimously as to which of the specified entries were false, or that they both were false, or that neither was proven false.

As for the second element, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the matter.

The third element the Government must prove beyond a reasonable doubt is that the defendant acted with the intent to impede, obstruct or influence a matter within the jurisdiction of, or in relation to, or in contemplation of a department or agency of the United States Government – here, the FEC. The Government is not required to prove that the defendant knew his conduct would obstruct a federal matter, or that a federal investigation would take place, or that he knew of the limits of federal jurisdiction. However, the Government is required to prove that the matter that the defendant intended to impede, obstruct, or influence did, in fact, concern a matter within the jurisdiction of an agency of the United States.

> Adapted from the charge of the Honorable Ronnie Abrams in United States v. Fitts, No. 19 Cr. 341 (Aug, 26, 2019).

<u>REQUEST NO. 27:  Venue</u>

In addition to all of the elements that I have described for you, you must separately decide whether an act in furtherance of each alleged crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester.  This requirement is called "venue."

For Count One and Count Four, which are the conspiracy counts, it is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district. The Government need not prove that the crime itself was committed in this district or that the defendant himself was present here. It does not matter whether the act was committed by the defendant or a co-conspirator.

For Count Two – solicitation of a contribution from a foreign national – venue is proper where a contribution from a foreign national was solicited. For Count Three – making a contribution by a foreign national, directly or indirectly – venue is proper where a contribution or donation is made or received, or where it was begun, continued, or completed.

For Count Five – false statements to the FEC – venue is proper where a statement is prepared, filed, submitted, conveyed, mailed, or uttered. For Count Six – falsification of records – venue is proper where false documents were created or prepared.

As to the venue requirement and the venue requirement only, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York. If, on the other hand, you find that the Government has failed to prove this venue requirement as to any of these counts, then you must acquit the defendant on that count.

40

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Pauling</u>, No. 16 Cr. 563 (Feb. 13, 2017) (general venue instruction).

Venue for a campaign finance offense lies where the "ultimate essential element of the offense" occurs. <u>United States</u> v. <u>Chestnut</u>, 533 F.2d 40, 47 (2d Cir. 1976). Where the "essential element" is "making" a contribution, venue is proper where "a contribution is mailed . . . or received." <u>United States</u> v. <u>Passodelis</u>, 615 F.2d 975, 977 (3d Cir. 1980) (citing <u>United States</u> v. <u>Hankin</u>, 607 F.2d 611 (3d Cir. 1979)). Additionally, because section 30121 criminalizes contributions made "directly or indirectly" it is a continuing offense and under such circumstances it may be prosecuted in a district where it was "begun, continued, or completed." 18 U.S.C. § 3237(a). For the crime of solicitation, venue is proper in the district where the solicitation occurs. <u>See</u> <u>United States</u> v. <u>Mittal</u>, 36 F. App'x 20, 22-23 (2d Cir. 2002) (venue was proper in the Southern District where the defendant's "solicitations" of remuneration in return for Medicare referrals occurred in the district).

Venue for a § 1001 offense is proper not only in the district where the statement was filed, submitted, or conveyed, but also in any district where it was prepared. <u>See</u> <u>United States</u> v. <u>Mendel</u>, 746 F.2d 155, 165 (2d Cir. 1984) ("Venue under 18 U.S.C. § 1001 lies where a false statement is prepared and signed, though it may have been filed elsewhere."); <u>United States</u> v. <u>Carey</u>, 152 F. Supp. 2d 415, 419 (S.D.N.Y. 2001) ("[C]harges under § 1001 may be prosecuted in the district in which the false statement was prepared, mailed or uttered, and in any district into which the statement was 'propelled' by the defendant and received or acted upon by the government.").

Venue for a § 1519 offense is proper where false documents were created or where the obstructed proceeding is pending. <u>See</u> <u>United States</u> v. <u>Mixon</u>, No. 14 Cr. 631 (TUC), 2015 WL 5934840, at *1 (D. Ariz. Oct. 13, 2015) (venue was proper where false interrogatories were prepared or where pending litigation was taking place).

REQUEST NO. 28:  Dates

As we have proceeded through the Indictment, you noticed that it refers to various dates or times. It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date, month, or time and the evidence indicates that in fact it was on a different month, date, or time. As I mentioned earlier, the law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony and exhibits.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Middendorf, 18 Cr. 036 (Feb. 11, 2019).

<u>REQUEST NO. 29:  Conscious Avoidance</u>
(If Applicable)

As I explained, for each of the charges the Government is required to prove that the defendant, in various respects, acted knowingly.  In determining whether the defendant acted knowingly with respect to the substantive crimes or the objective of the conspiracy, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

If you find beyond a reasonable doubt that the defendant was aware of a high probability that a fact was so, but that he took deliberate and conscious action to avoid confirming that fact, then you may find that the defendant acted knowingly.  You must remember that guilty knowledge may not be established by demonstrating the defendant was merely reckless, negligent, foolish, or mistaken.  Moreover, if you find that the defendant actually believed that the fact at issue did not exist or was not true, he may not be convicted.  It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me further explain what willful blindness or conscious avoidance means with respect to Counts One and Four of the Indictment, which are the conspiracy counts.  First, there is a difference between intentionally participating in the conspiracy, on the one hand, and knowing the specific objective of the conspiracy, on the other.  "Conscious avoidance," as I just described it,

43

cannot be used as a substitute for finding that the defendant knowingly agreed to a joint undertaking or knowingly attempted to commit a crime. It is logically impossible for a defendant to agree to join another person unless he knows that he has made such an agreement. But if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether he knew that the object of the conspiracy was to make illegal political contributions and/or defraud the FEC, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts; that is, whether he took deliberate action to close his eyes to what otherwise would have been obvious.

> Adapted from the charges of the Honorable Richard J. Sullivan in United States v. Pan, 12 Cr. 153 (May 1, 2013), Lewis A. Kaplan in United States v. Blaszczak, 17 Cr. 357 (Apr. 27, 2018), and Katherine Polk Failla in United States v. Atuana, 16 Cr. 672 (Jan. 29, 2018), and United States v. Goffer, 721 F.3d 113 (2d Cir. 2013).
>
> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." United States v. Hopkins, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted); see also United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003); United States v. Reyes, 302 F.3d 48, 54 (2d Cir. 2002). "There was nothing inappropriate or inconsistent in the government arguing that [the defendant] had actual knowledge that his statements were false or, in the alternative, that he was aware of a high probability that they were false, but consciously avoided confirming that suspicion." United States v. Carlo, 507 F.3d 799, 802 (2d Cir. 2007).
>
> The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." United States v. Feroz, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

A conscious avoidance instruction is appropriate in a conspiracy case to prove that the defendant had knowledge of the illegal object of the conspiracy.  Reyes, 302 F.3d at 55 (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy.").  See also United States v. Anderson, 747 F.3d 51, 60 (2d Cir. 2014); United States v. Kaufman, 2014 WL 2048198, at *7 (S.D.N.Y. May 19, 2014) (describing the permissible uses of a conscious avoidance charge in a conspiracy case).

REQUEST NO. 30:  Stipulations
(If Applicable)

You heard evidence in the form of stipulations or agreements between the parties.  Some of the stipulations have been as to facts, while others are testimonial stipulations, agreements between the parties that a witness would testify as to certain facts if called at trial.  Where the parties have entered into agreement as to certain facts, you must regard the agreed upon facts as true.  Similarly, where the parties have entered into a testimonial stipulation, you must accept for purposes of your deliberations that if that witness had been called to testify, he or she would have testified as set forth in the stipulation.  However, it is for you to determine the effect to be given that testimony.

Adapted from the charges of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018) and United States v. Middendorf, 18 Cr. 036 (Feb. 11, 2019).

<u>REQUEST NO. 31:</u>  Particular Investigative Techniques Not Required
(If Applicable)

You have heard reference in the arguments and cross-examination of defense counsel in this case to the fact that certain investigative techniques were or were not used by the Government. There's no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.  However, you are free to consider whether there is a lack of evidence in your determination of whether the Government proved the charged crimes beyond a reasonable doubt.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Matthews</u>, 18 Cr. 124 (Sept. 24, 2018).

47

REQUEST NO. 32:  Use of Evidence Obtained Pursuant to Searches

You have heard testimony about evidence seized in certain searches.  Evidence obtained from these searches was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

Adapted from the charge of the Honorable J. Paul Oetken in
United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

48

<u>REQUEST NO. 33:</u>  Uncalled Witnesses – Equally Available To Both Sides
(If Applicable)

There are several people whose names you heard during the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inference or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the Government to prove the guilt of a defendant beyond a reasonable doubt.

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Middendorf</u>, 18 Cr. 036 (Feb. 11, 2019).

49

REQUEST NO. 34:  Other Individuals Not on Trial

During the trial, you heard the names of several other individuals mentioned in connection with this case.  Some of those other individuals have been mentioned in connection with what the Government alleges was illegal activity.  I instruct you that you may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that there may be people who have not been tried as defendants in this case.  Further, you may not speculate as to the reasons why those other people are not on trial or what became of them in the legal system. Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

Adapted from the charge of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Matthews</u>, 18 Cr. 124 (Sept. 24, 2018).

50

REQUEST NO. 35:  Translations

The Government has introduced evidence with text in the Russian language. The parties have agreed that the translations of those materials are accurate, and the translations have been admitted into evidence. For materials in Russian with an English translation, I instruct you that it is the English translation of the materials reflected in the exhibit that is the evidence. If you speak Russian, you may not substitute your own translation for that which has been agreed upon by the parties.

Adapted from the charges of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

<u>REQUEST NO. 36:  Redactions</u>

Among the exhibits received in evidence there may have been some documents and recordings that are redacted. Redacted means that part of the document or recording was taken out. You are to concern yourself only with the item admitted into evidence. You should not consider any possible reason why the other part has been redacted.

> Adapted from the charges of the Honorable J. Paul Oetken in <u>United States</u> v. <u>Matos</u>, 18 Cr. 327 (June 25, 2019).

52

REQUEST NO. 37: Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses and other Government employees.  The fact that a witness may be employed by the federal Government or a state or city Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

REQUEST NO. 38:  Immunized Witnesses

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court, called formal immunity.  The testimony of such a witness may not be used against such witnesses in any criminal case except in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court. You are instructed that the Government is entitled to call as a witness a person who has been granted immunity by order of this Court. You should examine the testimony of such a witness to determine whether or not it is colored in any way to further the witness' own interests. If you believe the testimony to be true, you may give it any weight you believe it deserves, and you may convict the defendants on the basis of such witness' testimony alone if you find that the testimony proves the defendants guilty beyond a reasonable doubt.

Adapted from the charge of the Honorable J. Paul Oetken in United States v. Gabinskaya, 12 Cr. 171 (Oct. 3, 2014).

REQUEST NO. 39:  Preparation of Witnesses
(If Applicable)

You have heard evidence during the trial that witnesses have discussed the facts of the case

and their testimony with the lawyers before the witnesses appeared in court.  Although you may

consider that fact when you're evaluating a witness's credibility, I should tell you that there is

nothing unusual or improper about a witness meeting with lawyers before testifying, so that the

witness can be aware of the subjects he or she will be questioned about, focus on those subjects,

and have the opportunity to review relevant exhibits before being questioned about them. Such

consultation helps save your time and the Court's time.  In fact, it would be unusual for a lawyer

to call a witness without such consultation.

Again, the weight you give to the fact or the nature of a witness's preparation for his or her

testimony and what inferences you draw from such preparation are matters completely within your

discretion.

> Adapted from the charges of the Honorable J. Paul Oetken in United
> States v. Matthews, 18 Cr. 124 (Sept. 24, 2018) and United States v.
> Middendorf, 18 Cr. 036 (Feb. 11, 2019).

REQUEST NO. 40:  Defendant's Testimony
(If Applicable)

As you saw, defendant LEV PARNAS/ ANDREY KUKUSHKIN took the witness stand

and testified.  I have already instructed you on how you should evaluate the credibility of the

witnesses you have heard in this case.  You should evaluate the defendant's testimony the same

way that you judge the testimony of the other witnesses in this case.

> Adapted from the charge of the Honorable J. Paul Oetken in United
> States v. Middendorf, 18 Cr. 036 (Feb. 11, 2019); see also United
> States v. Gaines, 457 F.3d 238, 240 (2d Cir. 2006) ("[I]f the
> defendant has testified, the trial court should tell the jury to evaluate
> the defendant's testimony in the same way it judges the testimony
> of other witnesses.")

56

REQUEST NO. 41:  Defendant's Right Not to Testify
(If Requested by the Defense)

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.  That burden remains with the Government throughout the trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that the defendant did not testify. You may not draw any inference against the defendant because he did not take the witness stand.  You may not speculate as to why he did not testify, and you may not consider this against him in any way in your deliberations.

Adapted from the charge of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

REQUEST NO. 42:  Use of Charts and Summaries

Some of the exhibits that were admitted into evidence were in the form of charts or summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Adapted from the charge of the Honorable J. Paul Oetken in United States v. Matthews, 18 Cr. 124 (Sept. 24, 2018).

58

REQUEST NO. 43:  Concluding Remarks

The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the S3 Superseding Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.


Dated: New York, New York
        September 21, 2021


                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        United States Attorney
                                        Southern District of New York


                                By:    /s/
                                        Aline Flodr
                                        Nicolas Roos
                                        Hagan Scotten
                                        Assistant United States Attorneys
                                        Southern District of New York
                                        (212) 637-2421

59