



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 1, 2021

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, New York, NY 10007

   Re: *United States v. Lev Parnas and Andrey Kukushkin*, S3 19 Cr. 725 (JPO)

Dear Judge Oetken:

  The Government respectfully requests permission to file this brief reply concerning an issue raised for the first time in defendant Andrey Kukushkin's motions *in limine*: The circumstances under which the "rule of completeness" found in Federal Rule of Evidence 106 permits the defense to introduce documents and other evidence through a government summary witness. (*See* Dkt. 223 ("Mot.") at 6-8).

  The Rule states: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "'The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages.'" *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007 (quoting *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999)). This rule is strictly applied. The Circuit has held, for example, that a defendant could not introduce a portion of his confession relating "to the *execution* of a robbery," where the portion introduced by the Government concerned only "plans to *execute* the robbery." *Johnson*, 507 F.3d at 796 (emphasis in original).[1] The burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the Government intends to offer. *United States v. Glover*, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent.").

  The Government agrees that if Kukushkin can satisfy the strict requirements of Rule 106—by showing, for example, that a Government exhibit excerpts a longer message in a misleading manner—then the defendants may immediately offer whatever additional portion of the relevant statement the Court deems necessary to complete the context of the offered statement. But the Government disclosed its exhibits more than three weeks ago. Kukushkin has not moved *in limine* to admit any particular exhibit or statement under Rule 106. Especially given that litigation over this rule can require the Court to examine lengthy documents that have not previously been marked as exhibits, to the extent Kukushkin believes he can make that showing, he should attempt to do so before trial.

---

[1]  Although by its terms Rule 106 applies only to writings and recordings, the common law rule which it embodies also applies to a witness testifying about an overheard statement. *See United States v. Williams,* 930 F.3d 44, 59 (2d Cir. 2019).

Rule 106 does not, however, give the defendant a blank check to offer his evidence during the Government's case. "Under this rule, the omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987). That is, the Rule serves to correct the misleading use of a single statement or document, so as to imply a meaning that does not exist when viewed in its immediate context.[2] Kukushkin, by contrast, seems to view it as allowing him to offer context at a much higher level of generality—such as that the Government's evidence shows that he is guilty, and so he would like to offer additional evidence in hopes of altering that impression. (*See* Mot. 7 (seeking to offer, under Rule 106, "an innocent explanation for statements or correspondence the government contends are incriminatory")). Such an interpretation of the Rule would effectively collapse the distinction between a government case and a defense case, allowing the defendant to offer his evidence on any given event as soon as the Government mentioned that event. That is not what the Rule requires. *See Johnson*, 507 F.3d at 796 (Rule does not apply to evidence "neither explanatory of nor relevant *to the admitted passages*" (emphasis added)).

To be clear, the issue here is not *whether* Kukushkin can offer any particular evidence, but only *when* he can do it. It thus in no way implicates his ability "to present a complete defense." (Mot. 6 (internal quotation marks omitted)). If Kukushkin has evidence he wishes to offer, and that evidence satisfies the other rules of evidence but not Rule 106 (or Rule 611, the subject of the Government's initial motion), then he can offer it in his own case. For example, Kukushkin has already noticed one of his counsels' paralegals as a defense witness. That paralegal can read defense exhibits into the record in the same manner as a Government witness—only far more efficiently, because Kukushkin's attorneys will be able to familiarize her with those exhibits and otherwise prepare her to testify about them. This Court should thus grant the Government's initial motion *in limine* and limit cross-examination of law enforcement witnesses as Rule 611 provides. (*See* Dkt. 218 at 13-16).

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: /s                              
Aline Flodr / Nicolas Roos / Hagan Scotten
Assistant United States Attorneys
(212) 637-1110/2423/2410

Cc: Defense counsel (by email)

---

[2] For example, Kukushkin has excerpted the ruling of another court in this District to suggest that "it acknowledged its authority to permit the defense to admit the entirety of its case through a government witness by asking, 'Have you ever seen this?'" (Mot. 7 (quoting *United States v. Calk*, 19 Cr. 366 Tr. 337 (LGS) (S.D.N.Y. June 29, 2021))). But the fuller context is that in ruling in the Government's favor, the court explained "if I decided otherwise, the defense, in theory, could introduce its entire case through a witness by asking: *Have you ever seen this? Have you ever seen this? Have you ever seen this?* and the answer would be no to all of them." (*Id.*) Because Kukushkin's quotation gives the impression that this ruling recognized the viability of his position, but the immediate context shows that its meaning was closer to the opposite, the rule of completeness would encourage the admission of the fuller quotation.