

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 17, 2022

**BY ECF**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Kukushkin*, S3 19 Cr. 725 (JPO)

Dear Judge Oetken:

      The Government respectfully submits this opposition to the request of defendant Andrey Kukushkin to delay his surrender date. (Dkt. 328). Both of the defendant's reasons for adjournment lack weight:

      *First*, the defendant seeks an adjournment to prepare a motion for bail pending appeal. (*Id.* at 1). But the defendant stated that same intention at his sentencing on March 15, 2022. (Sentencing Tr. 34). At that time, he was unable to identify any substantial legal issues that would support bail pending appeal. (*Id.* at 34-36). He did, however, expressly commit that his request "won't delay the surrender date," and even requested a briefing schedule tailored to that purpose. (*Id.* at 36-37). He then proceeded to ignore that briefing schedule, until the instant, late request to put off his sentence longer. Moreover, his new request makes no claim to have identified any substantial issues that would justify bail pending appeal, despite his statement that he retained new counsel in "late March" (Dkt. 328 at 1)—meaning within 15 days of his sentencing.

      *Second*, the defendant identifies a desire to settle his affairs before serving his sentence. (*Id.* at 1-2). Although this is certainly understandable, the tasks he identifies lack a firm end date. And this Court already extended the defendant's surrender date by approximately one month for similar reasons. (*Compare id. with* Sentencing Tr. at 33-34). As the Court noted, a term of imprisonment will always impose significant burdens. (Sentencing Tr. at 29). At some point society's need to impose a just sentence for serious crimes must overcome those concerns, as this Court found in imposing a term of incarceration. (*Id.* at 29-30).

      At the defendant's sentencing, this Court stressed the seriousness of the defendant's conduct, but also stated that "certainty of punishment" would outweigh "a lengthy term of imprisonment" in achieving the purposes of 18 U.S.C. § 3553(a). (Sentencing Tr. 31). This penological theory often emphasizes that rather than being lengthy, effective punishment must be both "certain" and "swift." *See, e.g.*, *United States v. Lawrence*, 254 F. Supp. 3d 441, 447 (E.D.N.Y. 2017). As the Court is aware, Kukushkin's crimes began at least by June 2, 2018 (*See*

December 7, 2021
Page 2

GX 14 (Kukushin committing to Fruman "We will resolve it with you and Andrey will support $")).  He should begin his sentence within four years of that date.

                                      Respectfully submitted,

                                      Damian Williams
                                      United States Attorney for the
                                      Southern District of New York

By: _____/s/_____
                                      Aline R. Flodr
                                      Nicolas Roos
                                      Hagan Scotten
                                      Assistant United States Attorneys
                                      (212) 637-2421

Cc: Counsel for the defendant (by ECF)